CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MIGUEL MARIA SANTOS, on behalf of himself :    Case No.   21 CV 8304
and others similarly situated,                :

               :
          Plaintiff,          :    FLSA COLLECTIVE
               :    ACTION COMPLAINT
    -against-              :
               :
852 EIGHTH GOTHAM PIZZA INC. d/b/a GOTHAM :    **Jury Trial**
PIZZA, 1443 YORK GOTHAM PIZZA INC. d/b/a   :    **Demanded**
GOTHAM PIZZA, MICHAEL SHAMAILOV,     :
LANA SHAMAILOV, JOSE BALBUENA, and    :
JOHN DOES 1-10,             :
               :
          Defendants.       :
-----------------------------------------------------------------------X

      Plaintiff, MIGUEL MARIA SANTOS (hereinafter, "Plaintiff"), on behalf of

himself and other similarly situated employees, by and through his undersigned attorneys,

Cilenti & Cooper, PLLC, files this Complaint against defendants 852 EIGHTH

GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA ("852 EIGHTH GOTHAM PIZZA"),

1443 YORK GOTHAM PIZZA INC. d/b/a GOTHAM PIZZA ("1443 YORK GOTHAM

PIZZA") (collectively, the "Corporate Defendants"), MICHAEL SHAMAILOV, LANA

SHAMAILOV, JOSE BALBUENA and JOHN DOES 1-10 (collectively, the "Individual

Defendants") (the Corporate Defendants and the Individual Defendants are collectively

referred to herein as the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that his work shift exceeded ten (10) hours, (d) misappropriated tips, (e) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (f) prejudgment and post-judgment interest, and (g) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Queens County, New York.

6.      Defendant, 852 EIGHTH GOTHAM PIZZA, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 852 Eighth Avenue, New York, New York 10019.

7.      Defendant, 852 EIGHTH GOTHAM PIZZA, owned and operated a pizzeria restaurant, doing business as Gotham Pizza, located at 852 Eighth Avenue, New York, New York 10019 (the "Eighth Avenue Restaurant").

8.      Defendant, 852 EIGHTH GOTHAM PIZZA, ceased operating the Eighth Avenue Restaurant in or about December 2020.

9.      Defendant, 1443 YORK GOTHAM PIZZA, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1443 York Avenue, New York, New York 10075.

10.     Defendant, 1443 YORK GOTHAM PIZZA, owns and operates a pizzeria restaurant, doing business as Gotham Pizza, located at 1443 York Avenue, New York, New York 10075 (the "York Avenue Restaurant").[1]

11.     In addition to in-house dining services, Defendants also provide daily *a la carte* lunch and dinner menus for door-to-door delivery that is made upon request.  Upon information and belief, customers have the option of submitting their *a la carte* food order online through use of seamlessweb.com ("seamless web"), whereupon Defendants receive the customer's order electronically and proceed to prepare the food order and provide delivery to the customer's residence or place of business.

12.     Defendants MICHAEL SHAMAILOV and LANA SHAMAILOV are the officers and shareholders of the Corporate Defendants, and, as such, are owners, directors, supervisors, managing agents, and proprietors of the Corporate Defendants, who actively participate in the day-to-day operation of the Restaurants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. §

---

[1] The Eighth Avenue Restaurant and the York Avenue Restaurant are collectively referred to herein as the "Restaurants."

203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

13.     Defendant, JOSE BALBUENA, is the General Manager of each of the Restaurants and, as such, was one of Plaintiff's direct supervisors who actively participates in the day-to-day operation of the Restaurants, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

14.     Defendants, JOHN DOES 1-10, known to Plaintiff solely as "Rodrigo," "Fausto," and "Jose," are supervisors of the Restaurants and, as such, directly supervised Plaintiff and actively participated in the day-to-day operation of the Restaurants, acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

15.     The Individual Defendants jointly exercised control over the terms and conditions of Plaintiff's employment in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

4

16.    The Individual Defendants are present on the premises of the Restaurants on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning hours worked and pay received be authorized and approved by them.

17.    Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, 852 EIGHTH GOTHAM PIZZA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

18.    Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, 1443 YORK GOTHAM PIZZA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

19.    Defendants employed Plaintiff to work as a non-exempt food preparer/kitchen helper and food delivery worker for the Restaurants from in or about August 2018 until on or about June 14, 2021.

20.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

21.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

22.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

23.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

24.     Defendants knowingly and willfully misappropriated and/or withheld a portion of Plaintiff's tips in direct contravention of federal and state law.

25.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## **STATEMENT OF FACTS**

26.     Defendants MICHAEL SHAMAILOV and LANA SHAMAILOV hire employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurants.

27.     Defendants MICHAEL SHAMAILOV and LANA SHAMAILOV hired Defendant JOSE BALBUENA to work as General Manager of the Restaurants and, as such, was one of Plaintiff's direct superiors.  Through authority granted to him by, and in conjunction with Defendants MICHAEL SHAMAILOV and LANA SHAMAILOV, Mr. Balbuena is primarily in charge of overseeing the day-to-day operation of the Restaurants and is directly involved in supervising the work of the Restaurants' employees as well as the decisions related to the hiring and firing employees, the setting of employee work schedules, and the setting of the employees' rates of pay.

28.     Defendants MICHAEL SHAMAILOV and LANA SHAMAILOV hired Defendants JOHN DOES 1-10, known to Plaintiff solely as "Rodrigo," "Fausto," and "Jose," to work as supervisors of the Restaurants.  As such, each were Plaintiff's direct superiors.  Through authority granted to them by, and in conjunction with Defendants MICHAEL SHAMAILOV, LANA SHAMAILOV, and JOSE BALBUENA, those individuals assisted in running the day-to-day operation of the Restaurants, and were involved in directing and supervising the Restaurants' employees, as well as the decisions related to the hiring and firing of employees, the setting of employee work schedules, and the setting the employees' rates of pay.

29.     Defendants  MICHAEL  SHAMAILOV  and  LANA  SHAMAILOV themselves also actively participate in the day-to-day operation of the Restaurants.  For instance, Defendants MICHAEL SHAMAILOV and LANA SHAMAILOV personally hire and fire employees, supervise and direct the work of the employees, including the managers who also directly supervise the employees, instruct the employees how to perform their jobs, set employee work hours and pay, and create and maintain employment records.

30.     Although     Defendants     MICHAEL     SHAMAILOV     and     LANA SHAMAILOV provide managers and supervisors with some authority to effectively run the day-to-day operation of the Restaurants, they create, implement, and approve all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

31.    The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner.

32.    The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same plan or scheme, and are under common control.

33.    The Corporate Defendants are controlled by the same owner or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

34.    In or about August 2018, Defendants hired Plaintiff to work at the Eighth Avenue Restaurant as a non-exempt food preparer/kitchen helper and food delivery worker.

35.    Neither at the time of his hire, nor at any time thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, corresponding overtime rate of pay, and any tip credits taken.

36.    Plaintiff's duties included greater or equal time spent in non-delivery, non-tipped functions such as, but not limited to, preparing salads, cutting peppers, sausages, chicken, meatballs, cutting and grating cheese, sweeping, mopping, cleaning the counter, the oven, tables, windows, and stocking merchandise.

37.     Plaintiff worked continuously for Defendants in those capacities until the Eighth Avenue Restaurant ceased operations in or about December 2020.

38.     At that time, Defendants transferred Plaintiff to work in the same capacities at the York Avenue Restaurant.

39.     Plaintiff continued to work for Defendants in those capacities until his employment came to an end on or about June 14, 2021.

40.     Regardless of location, Plaintiff worked over forty (40) hours per week.

41.     At no time during Plaintiff's employment was he required to punch in or out at the beginning or end of his daily work shift.

42.     Defendants created a handwritten work schedule for Plaintiff and the other employees of the Restaurants.

43.     From the beginning of Plaintiff's employment and continuing through in or about March 2020, while working at the Eighth Avenue Restaurant, Plaintiff worked six (6) days per week (Thursday off), and his work schedule consisted of ten (10) hours per day Monday through Wednesday from 4:00 p.m. until 2:00 a.m.; and thirteen (13) hours per day Friday through Sunday from 4:00 p.m. until 5:00 a.m.

44.     During this period, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $6 per hour straight time for all hours worked and worked sixty-nine (69) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45.     Beginning in or about April 2020 and continuing through in or about November 2020, while working at the Eighth Avenue Location, Plaintiff worked six (6)

days per week (Thursday off), and his work schedule consisted of eleven (11) hours per day from 10:00 a.m. until 9:00 p.m.

46.     During this period, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $6 per hour straight time for all hours worked, and worked sixty-six (66) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

47.     Beginning in or about December 2020 and continuing through the remainder of his employment on or about June 14, 2021, while working at the York Avenue Location, Plaintiff worked six (6) days per week (Tuesday off), and his work schedule consisted of thirteen (13) hours per day on Monday, Friday, and Saturday from 10:00 a.m. until 11:00 p.m., twelve (12) hours on Thursday from 11:00 a.m. until 11:00 p.m., eleven (11) hours on Wednesday from 10:00 a.m. until 9:00 p.m., and eleven (11) hours on Sunday from 12:00 p.m. until 11:00 p.m.

48.     Beginning in or about December 2020 and continuing through in or about February 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $6 per hour straight time for all hours worked and worked seventy-three (73) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

49.     Beginning in or about March 2021 and continuing through in or about April 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, partly by check and partly in cash, at the rate of $6

per hour straight time for all hours worked and worked seventy-three (73) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

50.     Beginning in or about May 2021 and continuing through the remainder of his employment on or about June 14, 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, partly by check and partly in cash, at the rate of $7 per hour straight time for all hours worked and worked seventy-three (73) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

51.     Upon paying Plaintiff his wages, Defendants failed to provide Plaintiff with wage weekly wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

52.     In addition to failing to pay Plaintiff his lawful wages, Defendants misappropriated and/or withheld from Plaintiff tips associated with credit card payments made on food delivery orders made through seamless web. More specifically, Defendants deducted an improper and unlawfully excessive 14% from Plaintiff's credit card tips for each delivery made and paid for by credit card through seamless web under the guise of a credit card processing fee.

53.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit," (ii) failed to provide proper wage

statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, and (iii) failed to permit their tipped employees, including Plaintiff, to keep all of their tips, thereby rendering the "tip credit" inapplicable.

54.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

55.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

56.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

57.     Defendants knowingly and willfully operate their business with a policy of misappropriating tips from Plaintiff and other similarly situated employees, in direct violation of federal and state law.

58.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between October 7, 2018 through the date that the opt-in period expires as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

60.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

61.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

62.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of

either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

63.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, because the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

64.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

>    a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;
>
>    b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;
>
>    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e.   Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.   Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

65.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

66.   Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

67.   Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68.   At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

70.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, 853 EIGHTH GOTHAM PIZZA had annual gross revenues in excess of $500,000.

71.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, 1443 YORK GOTHAM PIZZA had annual gross revenues in excess of $500,000.

72.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants jointly had annual gross revenues in excess of $500,000.

73.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

74.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

75.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

76.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

16

77.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

78.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

80.     The FLSA mandates that wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the FLSA will not be met where the employee kicks-back directly or indirectly to the employer the whole or part of the wage delivered to the employee. 29 C.F.R. § 531.35.

81.     Defendants knowingly and willfully violated the FLSA by misappropriating tips from Plaintiff and the Collective Action Members.

82.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

83.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

84.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

85.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

86.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

87.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "86" of this Complaint as if fully set forth herein.

88.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

89.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

90.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

91.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

92.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day that Plaintiff's work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

93.     The New York Labor Law prohibits an employer from making any deductions from wages, other than standard deductions for taxes.  N.Y. Lab. Law § 193.

94.      The New York Labor Law also prohibits employers from receiving "kickbacks" from their employees.  N.Y. Lab. Law § 198-b.

95.     Defendants regularly obtained kickbacks from Plaintiff by retaining tips from Plaintiff, in violation of the New York Labor Law.  N.Y. Lab. Law §§ 196-d, 198.

96.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

97.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

98.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

99.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

100.    Defendants failed to notify Plaintiff in writing at the time of hire or thereafter of his regular hourly rate of pay, any tip credits taken, his corresponding overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

101.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages and unpaid overtime compensation, misappropriated tips, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

102.    Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, MIGUEL MARIA SANTOS, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation, pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of misappropriated tips;

(f)     An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      October 7, 2021

                        Respectfully submitted,

                        CILENTI & COOPER, PLLC
                        *Attorneys for Plaintiff*
                        200 Park Avenue – 17th Floor
                        New York, New York 10166
                        T.  (212) 209-3933
                        F.  (212) 209-7102

                    By:   _____
                        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Miguel Maria Santos, am an individual currently or formerly employed by Gotham Pizza and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       September 28, 2021



Miguel Maria Santos